THE AMERICAN DISTRIBUTING COMPANY, Appellant, *v.* EDWARD W. ASHLEY, Respondent.

*Goods sold — a refused bill, no evidence of price or value — amendment of an answer during the trial.*

In an action brought to recover for goods sold and delivered, where the defendant admits the sale of the goods, but denies the price and the value, evidence produced by the plaintiff that he presented a bill for part of the items in suit, which the defendant refused to pay unless a considerable deduction was made, is no proof whatever of either the price or the value of the goods.

Where, in such an action, the answer denies the price and the value of the goods sold, it is not error for the court upon the trial to permit an amendment making these denials more definite.

APPEAL by the plaintiff, The American Distributing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of December, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 31st day of December, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*Henry Thompson,* for the appellant.

*Hamilton R. Squier,* for the respondent.

PER CURIAM:

It is conceded that the plaintiff sold and delivered to the defendant, doing business under the name of Starkweather & Co., 2,626.64 gallons of spirits on the following specified dates, on a credit of thirty days:

| | | |
|---|---|---|
| April 23, 1894 | 432.8 | gallons. |
| " 30, " | 437.68 | " |
| May 5, " | 452.10 | " |
| " 10, " | 432.76 | " |
| " 25, " | 435.30 | " |
| June 1, " | 436. | " |
| | 2,626.64 | " |

It is alleged in the complaint that the plaintiff sold and delivered to the defendant "spirits of the value and at the agreed price in all of three thousand two hundred and sixteen and $\frac{8}{100}$ ($3,216.78) dollars," less an allowance of three cents per gallon, amounting to $78.77, and that there is due the plaintiff $3,138.01, with interest thereon from July 1, 1894. On the trial it was conceded that the defendant had returned to the plaintiff sixty empty barrels for which he was entitled to credit in the sum of $60, leaving plaintiff's claim $3,078.01, the interest on which from July 1, 1894, to December 24, 1894 (the date of the trial), is $87.21, making the total amount due as claimed by the plaintiff, $3,165.22. The jury rendered a verdict for $2,864.90, which is $300.32 less than the plaintiff's claim. The defendant admitted in his answer the sale of the goods, but denied that they were of the value alleged, or that they were sold at the price alleged. On the trial the answer was amended so as to make it more specific in this respect. When the plaintiff rested it had not proved a cause of action. It had simply shown a sale and delivery of the goods, but it had not proved that they were sold at a price agreed upon, or that they were of any value. The plaintiff showed that it had, through a clerk, presented a bill for some part of the items which the defendant refused to pay unless the plaintiff would deduct $500 or $600. The defendant was called as a witness in his own behalf and testified that he purchased the goods on the dates specified, upon an agreement to pay one-half of one per cent per gallon above the market rate in consideration of a credit of thirty days. No witness was called in behalf of the plaintiff to contradict this testimony. Evidence was then given that the market value of such spirits on the dates when they were sold was from $1.06 to $1.22½ per gallon. At the close of the evidence the court submitted two questions to the jury: (1) Were the goods sold at an agreed price? (2) If not sold at an agreed price, what was their fair market value? and the jury returned a verdict for $2,864.90; 2,626.64 gallons at $1.06½ per gallon equal $2,797.37, less $60 for barrels returned, equal $2,737.37, the interest on which from July 1, 1894, to the date of the verdict is $77.52, amounting to $2,814.89, which is $50.01 less than the verdict. No exception was taken to the charge and no exception was taken by the plaintiff, except to the overruling of two objections to the

admissibility of evidence, no grounds of objection being stated, and, besides, the evidence was competent. No error was committed by the court in permitting the answer to be made more definite. The answer, as served, denied that the goods were sold at a price agreed upon, and denied that they were of the value alleged in the complaint.

The judgment and order should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment and order affirmed, with costs.